UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD, | No. 2:16-cv-2767 DB P |
| Plaintiff, | |
| v. | ORDER |
| M. THOMPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that due to a mistake on the part of a correctional officer, he was forced into a fight and found guilty of "mutual combat." Before the court is plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis, dismiss the complaint, and give plaintiff leave to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

1  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6  1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations of the Complaint**

At all times discussed herein, plaintiff was incarcerated at Solano County's Stanton Correctional Facility in the "Administrative Separation Program." Plaintiff identifies the following defendants: M. Thompson, Deputy; S. Clemente, Deputy; and J. Metzger, Deputy. (Compl. (ECF No. 1 at 2).)

////

////

**A. Claim I**

In his first claim, plaintiff states that on July 11, 2016, inmate Jeffrey Butler made a racist remark and threated to kill plaintiff. (Id. at 3, 10.) Plaintiff states that Butler often made highly racists remarks. (Id. at 9-10.) Plaintiff is African American. Both he and Butler were housed at that time in the Administrative Separation ("Ad Sep") area. (Id. at 3.) Plaintiff states that he is in the Ad Sep area by choice because he suffers from paranoia and schizophrenia. (Id. at 11.)

On the morning of July 12, 2016, Butler told plaintiff he was not going to "lock down" so that he could "move" on plaintiff. (Id. at 10.) At some point later that day, defendant Thompson failed to make sure inmate Butler was secure in his cell before letting plaintiff out of his cell. Thompson then left his unit office for fifteen minutes. (Id. at 3, 7.)

When plaintiff was released from his cell, he walked down the stairs and noticed that defendant Thompson was not in the unit office. He then heard Butler yelling. He also saw Butler look directly into plaintiff's cell and yell, "Now where is this nigger!" Plaintiff felt he was in a "fight or flight situation because I had already lock my cell door behind me, and Officer Thompson was not in the unit." Butler then threatened to ambush plaintiff when plaintiff returned to the housing unit. Plaintiff "confronted the threat, and a conflict ensued." (Id. at 10.)

Defendants Thompson and Metzger wrote a report on the fight. They referred to it as "mutual combat." Defendant Clemente was the hearing officer regarding the incident and found plaintiff guilty.

Plaintiff states that he suffered no physical injuries as a result of his fight with Butler. (Id. at 3.) However, he suffers mental trauma as a result.

Plaintiff asserts that this conduct was a violation of California Code of Regulations, title 15, § 1053 "Administrative Separation;" and Penal Code §§ 4001 and 4002 "Protection of Inmates and Staff." (Id. at 3.)

**B. Claim II**

In his second claim, plaintiff alleges that he was denied the right to a fair hearing. He states that defendant Clemente reviewed a video of his altercation with Butler and found plaintiff guilty. Based on being found guilty in the incident report, plaintiff states the incident was "made

4

criminal" by defendant Metzger.  As a result, a Solano County prosecutor was able to obtain the video and used it against plaintiff at an unrelated criminal trial held in October.  (Id. at 4.)  Plaintiff states that while he was acquitted of most charges, he was found guilty of some, "presumably prejudiced from this video."  (Id. at 12.)  However, plaintiff has not been criminally prosecuted for the incident with Butler.  (Id. at 4.)

Plaintiff states that as a result of this incident, he has been a "wreck," and has requested a higher dose of medication from a "psych doc."  (Id.)

Plaintiff asserts this conduct violated his right to a fair hearing under California Code of Regulations, title 15, § 1006 "Direct Visual Observation."

**C. Claim III**

Here, plaintiff alleges that defendant Metzger approved the incident report authored by defendant Thompson even though Thompson admitted in the report that he mistakenly thought Butler was in his cell before he released plaintiff from his cell.  (Id. at 5, 7.)  In addition, Metzger called for a sheriff's deputy to take a crime report of the incident.  Plaintiff claims Metzger wrongfully accused plaintiff based on a report created by an admittedly negligent source.  (Id. at 5.)

In his request for relief, plaintiff states that he is seeking compensatory damages and formal apologies from all defendants.

**III.    Does Plaintiff State a Potentially Cognizable Claim?**

The following appear to be the claims plaintiff alleges against each defendant:  (1) Thompson was negligent in releasing plaintiff from his cell before assuring that inmate Butler was secure; (2) Clemente relied upon a video of plaintiff's altercation with Butler to find plaintiff guilty; and (3) Metzger relied upon Thompson's report of the incident to confirm plaintiff's guilt and to have a crime report written up.  Plaintiff claims these actions violated various aspects of state law.

**A.    State Law Claims not Cognizable under § 1983**

Initially, plaintiff is advised that the purpose of a proceeding under § 1983 is to seek redress for a violation of plaintiff's federal rights.  Any violation of state tort law, state regulations, rules and policies of the department of corrections, or other state law is not sufficient to state a claim

5

for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In certain situations, a state law may create a liberty interest that is protected by the Due Process Clause. In addition, prisoners have some rights in disciplinary hearings that result in severe sanctions. Those federal rights, and others, are set out below and the court considers whether plaintiff has met those federal standards based on the allegations in his complaint. Plaintiff will be given an opportunity to amend his complaint to state a federal claim.

### B. Possible Federal Claims

#### 1. State Law Created Liberty Interest

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Here, plaintiff has not shown that being found guilty of "mutual combat" resulted in any type of restraint or imposed any other "atypical and significant hardship" on him. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir. 1996).

#### 2. Fourteenth Amendment Claim for Violation of Due Process Rights

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain

1   minimum procedural protections where serious rules violations are alleged, the power of prison

2   officials to impose sanctions is narrowly restricted by state statute or regulations, and the

3   sanctions are severe.  See id. at 556–57, 571–72 n.19.

4       Wolff established five constitutionally mandated procedural requirements for disciplinary

5   proceedings.  First, "written notice of the charges must be given to the disciplinary-action

6   defendant in order to inform him of the charges and to enable him to marshal the facts and

7   prepare a defense."  Id. at 564.  Second, "at least a brief period of time after the notice, no less

8   than 24 hours, should be allowed to the inmate to prepare for the appearance before the

9   [disciplinary committee]."  Id.  Third, "there must be a 'written statement by the factfinders as to

10  the evidence relied on and reasons' for the disciplinary action."  Id. (quoting Morrissey v. Brewer,

11  408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be

12  allowed to call witnesses and present documentary evidence in his defense when permitting him

13  to do so will not be unduly hazardous to institutional safety or correctional goals."  Id. at 566.

14  And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it

15  unlikely that the inmate will be able to collect and present the evidence necessary for an adequate

16  comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have

17  adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff."  Id. at

18  570.

19      Additionally, "some evidence" must support the decision of the hearing officer.

20  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and

21  the relevant inquiry is whether "there is any evidence in the record that could support the

22  conclusion reached."  Id. at 455–56.

23      In his complaint, plaintiff fails to state a claim that the hearing resulting in the "mortal

24  combat" finding violated his due process rights.  First, plaintiff must show that the result of the

25  guilty finding was a "severe sanction."  Second, plaintiff must explain what happened at the

26  hearing to show whether he received the process due under Wolff or why "some evidence" does

27  not support the determination that he is guilty of mutual combat.  Based on plaintiff's description

28  of the encounter with Butler, it does appear that he engaged in an altercation, which would meet

7

the "some evidence" standard to support a finding of guilt. See Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (court only considers whether there is "any evidence in the record" to support the conclusion); Pettis v. Asuncion, No. CV 16-4241 CBM(JC), 2017 WL 927626, at *7 (C.D. Cal. Jan. 26, 2017) (some evidence supports finding that prisoner was in possession of a cell phone where it was found in his cell, even though prisoner presented declaration of his cell mate that prisoner was unaware of the phone), report and reco. adopted, 2017 WL 923895 (C.D. Cal. Mar. 8, 2017). Plaintiff may not seek to have this court reexamine the record, reassess the credibility of the witnesses, or reweigh the evidence. Hill, 472 U.S. at 455-56; Bruce, 351 F.3d at 1287.

Accordingly, plaintiff has failed to state a due process claim against any defendant based on the conduct and conclusion of the hearing.

### 3. False Disciplinary Report

To the extent plaintiff is alleging that the finding of guilt was based on a false report, or was itself false, plaintiff is advised that there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). Specifically, "the fact that a prisoner may have been innocent of disciplinary charges brought against him . . . does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, No. 1:14-cv-2084-SAB(PC), 2015 WL 1014257, *2 (E.D. Cal. Mar. 6, 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994) and McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, plaintiff has no protected liberty interest in freedom from false claims against him.

### 4. Failure to Protect

Plaintiff's claim against defendant Thompson could be construed as a failure to protect. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97,

8

105–06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

To state a failure to protect claim, plaintiff must allege facts showing that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298–99 (1991). He must also show that subjectively defendant Thompson had a culpable state of mind in allowing plaintiff's deprivation to occur. Farmer, 511 U.S. at 834. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id. at 834. To avoid a finding of deliberate indifference, prison officials may show, for example:

> that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.

Id. at 844.

Plaintiff's allegations against defendant Thompson state that Thompson was negligent, but not that Thompson was deliberately indifferent to plaintiff's safety. As stated, plaintiff's allegations do not amount to an Eighth Amendment violation.

**C. No Monetary Damages for Mental Distress**

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de

minimis ). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages arising from a constitutional violation which are not based on alleged mental or emotional injuries. Oliver, 289 F.3d at 630.

In plaintiff's complaint, he appears to state two injuries. First, he alleges mental distress as a result of being forced into the altercation with Butler. As stated above, plaintiff may not recover damages for mental distress without showing some physical injury that is more than de minimus. Second, plaintiff appears to be alleging that the use of the video of the altercation at an unrelated trial caused him prejudice. It is difficult to determine who plaintiff blames for the existence of the video. Presumably, he contends defendant Thompson's negligence resulted in the altercation, and, thus, the video. Because, as described above, plaintiff does not allege Thompson was anything more than negligent, that claim would fail. Further, the existence of the video, which recorded an altercation plaintiff admitted having, without more, can hardly be said to have violated plaintiff's rights. To the extent plaintiff is challenging the finding that he engaged in "mortal combat," those claims are addressed above.

**IV.     Conclusion**

Because plaintiff does not currently state a cognizable federal law claim, the court will not exercise supplemental jurisdiction over any possible state law claims plaintiff seeks to raise. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

Plaintiff will be given an opportunity to file an amended complaint to state a federal claim. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support

////

of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 10) is granted.

////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, may result in a recommendation that this case be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: April 4, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/leon2767.scrn